IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES STOKES,

    Plaintiff,

  v.                                                                                       No. CIV 15-0124 MCA/CG

ALBUQUERQUE POLICE DEPARTMENT,
CITY OF ALBUQUERQUE,
COUNTY OF BERNALILLO,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed complaint. Plaintiff is incarcerated and appears pro se. The state court granted Plaintiff free process (CM/ECF Doc. 4, p. 9), and, based on the financial information in the state court record, this Court will grant him leave to proceed under 28 U.S.C. § 1915. For reasons set out below, Plaintiff's federal claims will be dismissed, and his state law claims will be remanded.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint Plaintiff asserts claims against the Albuquerque Police Department and City of Albuquerque.  He has voluntarily dismissed his claims against County of Bernalillo.  The complaint alleges that an Albuquerque Police officer arrested him without probable cause for a crime he did not commit.  The complaint further alleges that Plaintiff was prosecuted in spite of exculpatory witness statements and fingerprint and cell phone evidence.  He was wrongly detained under excessive bail of $500,000 for fifteen months, at which time he was released after prevailing on a motion for directed verdict.  Plaintiff claims that Defendants' actions amounted to false imprisonment, racial profiling, defamation of character, and failing to properly investigate a crime, in violation of his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution.  The complaint seeks damages.

Plaintiff's allegations do not state claims for relief against the named Defendants.  First, the police department is not a suable entity under 42 U.S.C. § 1983.  *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing section 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (mem.).  For purposes of this order, therefore, this pro se Plaintiff's claims against Defendant Albuquerque Police Department are construed as directed at the municipality itself.  *See Brandon v. Holt*, 469 U.S. 464, 472 and n. 21 (1985).  And second, "A municipality may not be held liable under 42 U.S.C. § 1983 simply because it employs a person who violated a plaintiff's federally protected rights.  To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996)

(citations omitted).  Here, Plaintiff makes no allegation that his prosecution resulted from a municipal custom or policy, and his federal claims against the city will be dismissed.

In some circumstances Plaintiff would be allowed to amend his complaint to make his allegations against an appropriate party.  *Cf. Miller v. Bd. of Educ.,* 565 F.3d 1232, 1249 (10th Cir. 2009).  In the body of his complaint, he identifies Officer Lanavizo as the party who committed the constitutional violations.  On the other hand, Plaintiff has asserted the same claims, naming, *inter alia*, Russ Landavizo, in an original complaint filed in this Court before the instant action was removed.  *See Stokes v. County of Bernalillo District Attorney Office, et al.*, No. CV 15-0079 RB/SCY.  By order entered on May 5, 2015, in cause No. 15-0079 RB/SCY, the Court dismissed Plaintiff's claims except those against Officer Landavizo, which remain pending. In order to conserve judicial resources and avoid duplicative parallel litigation, *see Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002); *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1133 (10th Cir. 2003), the Court will not allow Plaintiff to amend and will dismiss Plaintiff's federal claims in this action.

Plaintiff initially filed his complaint in state court, invoking the New Mexico Tort Claims Act as a basis for his claims.   In view of the dismissal of Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of his state law claims. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c), (c)(3).  Under § 1367(c), the Court declines to exercise jurisdiction of Plaintiff's state law claims, and the these claims will be remanded to the state court.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's federal claims are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's state law claims are REMANDED to the New Mexico Second Judicial District Court, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE